UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRANDON KYNARD GOHAGEN,

               Petitioner,

v.

                                           Case No. 05-CV-70067-DT
                                           Honorable John Corbett O'Meara

RAYMOND BOOKER,

               Respondent.

_____/

## **OPINION AND ORDER DENYING HABEAS CORPUS PETITION**

Petitioner Brandon Kynard Gohagen has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The Court has concluded that Petitioner's claims lack merit or are procedurally defaulted. Accordingly, the habeas petition will be denied.

### **I. Background**

Petitioner was charged in Oakland County, Michigan with first-degree (felony) murder and first-degree criminal sexual conduct. The charges arose from an incident in which a forty-three-year-old woman was sexually assaulted and kicked to death. Petitioner did not deny sexually assaulting the woman, but he claimed that his co-defendants were responsible for the woman's death.

On October 6, 1997, Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b. In return, the prosecutor dropped the first-degree murder charge. The plea bargain required Petitioner to testify at his co-defendants' trial, but there was no agreement concerning his sentence. On January 8, 1998, Petitioner was sentenced to concurrent terms of thirty-five to

eighty years in prison for the sexual assault and murder.

Petitioner filed a timely notice of appeal and a request for appointment of counsel. However, because no further action was taken, Petitioner forfeited a direct appeal from his conviction.

On May 8, 2002, Petitioner filed a motion for relief from judgment through his appellate attorney. The attorney moved to withdraw from the case after Petitioner expressed dissatisfaction with the motion. The trial court then appointed substitute counsel, who filed a new motion for relief from judgment. The trial court denied Petitioner's motion after concluding that Petitioner could have raised his claims on appeal and that he had failed to establish "good cause" for not applying for leave to appeal and "actual prejudice from the alleged irregularity," as required by Michigan Court Rule 6.508(D)(3).

On appeal from the trial court's decision, Petitioner argued through counsel:

I. Where Mr. Gohagen did not participate in the murder, the second-degree murder plea was constitutionally deficient and the trial court erred in accepting the plea as a matter of law.

II. Where Mr. Gohagen is serving a sentence based on constitutionally deficient evidence and for a crime he did not commit, the court impermissibly imposed a sentence which was based on materially false information.

III. Where Mr. Gohagen is innocent of second-degree murder and prior counsel has admitted to failing to timely file a motion to withdraw plea, good cause and prejudice has been met for this court to vacate Mr. Gohagen's second-degree murder conviction.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Gohagen*, No. 253140 (Mich. Ct. App. Feb. 19, 2004). Petitioner raised the same three claims through counsel in an appeal before the Michigan Supreme Court. In a *pro*

*se* supplemental brief, he argued that his trial and appellate attorneys provided ineffective assistance. On October 25, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Gohagen*, No. 125956 (Mich. Sup. Ct. Oct. 25, 2004).

Petitioner filed his habeas corpus petition in this Court on January 7, 2005. The grounds for relief set forth in the supporting brief read:

    I.        Where Petitioner did not participate in the murder the second-degree murder plea was constitutionally deficient and the trial court erred in accepting the pleas as a matter of law.

    II.       Where Petitioner is serving a sentence based on constitutionally deficient evidence and for a crime he did not commit, the court impermissibly imposed a sentence which was based on materially false information.

    III.      Where Petitioner is innocent of second-degree and prior counsel has admitted to failing to timely file a motion to withdraw plea, good cause and prejudice has been met for this Court to vacate Petitioner's second-degree murder conviction.

    IV.      Petitioner was denied his constitutional right to the effective assistance of trial counsel when trial counsel:

           A.       misled Petitioner into accepting the plea agreement under counsel's erroneous scoring of the sentencing guidelines;

           B.       failed to negotiate a logical plea agreement, based on actual innocence, that would exclude any murder charge, based upon the missing elements and unadulterated veracity and cooperation of this petitioner as confirmed by the polygraph examiner;

           C.       failed to object to the trial court's acceptance of the guilty plea to second-degree murder without a sufficient factual basis and argue actual innocence at the plea hearing; and

3

> D. argue the actual innocence issue at the sentencing proceeding in a futile, if not absurd, attempt to gain leniency from the court.
>
> V. Petitioner was denied his constitutional right to effective assistance of appellate counsel.

Respondent argues in an answer to the habeas petition that Petitioner's first three claims do not allege federal constitutional violations and that Petitioner's last two claims are procedurally defaulted.

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases –

4

indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, 544 U.S. 931 (2005).

### III. Discussion

#### A. The Factual Basis for the Plea

The first habeas claim alleges that Petitioner's plea of guilty to second-degree murder was unconstitutional because Petitioner did not cause the victim's death. This claim lacks merit because it challenges the factual basis for Petitioner's plea. The Supreme Court has said that

> an express admission of guilt . . . is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

*North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Stated differently,

> [a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989). Petitioner was represented by counsel at his plea and, after being informed of the charges, the maximum penalties, the terms of the plea agreement and the rights he was waiving, he stated that it was his choice to plead guilty. He also admitted participating in an incident that began as a sexual assault and concluded with the victim

being kicked to death.

Petitioner's plea was counseled and voluntary. Therefore, Petitioner has no right to habeas relief on the ground that the factual basis for his plea was deficient.

### B. The Sentence

The second habeas claim alleges that Petitioner's sentence was based on materially false information, because Petitioner did not commit second-degree murder. A sentence violates due process if it is based on "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Petitioner pleaded guilty to second-degree murder and admitted his participation in an incident that led to the victim's death. Therefore, it cannot be said that the trial court relied on materially false information when sentencing Petitioner.

### C. "Good Cause and Prejudice" under Rule 6.508(D)

Petitioner's third claim alleges that his claim of innocence and his attorney's failure to file a timely motion to withdraw the plea satisfy the "good cause and prejudice" requirement of Michigan Court Rule 6.508(D). Petitioner was required to show "good cause" in state court to demonstrate why he did not raise his claims in a direct appeal from his conviction and sentence. Mich. Ct. R. 6.508(D)(3). The "good cause" and "actual prejudice" standard for relief under Rule 6.508(D) has no relevance here, particularly since the Court had not concluded that Petitioner's claims are procedurally defaulted due to his failure to raise the claims in a direct appeal from his convictions and sentence. Petitioner has not stated an independent ground for relief in his third claim.

## D. Ineffective Assistance of Counsel

Petitioner's fourth and fifth claims allege ineffective assistance of trial and appellate counsel. Petitioner contends that his trial attorney: (1) misled him by erroneously scoring the sentencing guidelines; (2) failed to negotiate a plea agreement based on actual innocence of the murder charge; (3) failed to either argue actual innocence at the plea or object to the trial court's acceptance of the guilty plea; and (4) argued the actual innocence issue at sentencing in a futile attempt to gain leniency from the court. Petitioner alleges that his first appellate attorney failed to prefect a direct appeal or move to withdraw the plea and failed to identify meritorious issues, including a claim of ineffective assistance of trial counsel.

Petitioner raised his two ineffective-assistance-of-counsel claims for the first time in a *pro se* supplemental brief submitted to the Michigan Supreme Court. Respondent argues that the claims are procedurally defaulted because Petitioner did not raise the claims at all levels of state court review and because he no longer has an effective remedy to exhaust. The Court agrees.

Before seeking a federal writ of habeas corpus, a state prisoner must give the state courts an opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For state prisoners in Michigan, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before seeking federal habeas corpus relief. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973). Because 28 U.S.C. § 2254(b) "refers only to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982), the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v.*

*Netherland*, 518 U.S. 152, 161 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Petitioner's only state court remedy for challenging his conviction is to file a motion for relief from judgment. *See* Mich. Ct. R. 6.501 and the accompanying staff comment. He has already filed one motion for relief from judgment and he may not file another one unless he alleges a retroactive change in the law or a claim of new evidence. Mich. Ct. R. 6.502(G). Petitioner is not alleging a retroactive change in the law or newly discovered evidence. Therefore, he is barred from filing another motion for relief from judgment in state court and he lacks an available state remedy to exhaust. "[N]o exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim[s] in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### 1. Cause and Prejudice

Petitioner has not specifically alleged "cause" for his failure to exhaust state remedies for his ineffectiveness claims on state collateral review. He does allege that his first appellate attorney should have raised a claim about trial counsel in a direct appeal. Constitutionally ineffective assistance of counsel is "cause" for a procedural error. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, "the exhaustion doctrine, which is 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings,' *Rose v. Lundy*, 455 U.S. 509, 518 (1982), generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id.* at 488-89.

Petitioner did not present his claim about appellate counsel as an independent claim in the

Michigan Court of Appeals,[1] and he no longer has an effective remedy to exhaust. Consequently, the claim about appellate counsel is itself procedurally defaulted. Petitioner could have raised his claim about appellate counsel as an independent claim in his motion for relief from judgment and in the subsequent appeal to the Michigan Court of Appeals. He did not, and he has not offered any explanation for failing to do so. The Court therefore deems the "cause and prejudice" argument waived as to Petitioner's claim about appellate counsel. *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003), *cert. denied*, 540 U.S. 1151 (2004). Because the claim about appellate counsel is itself procedurally defaulted, it cannot serve as "cause" for Petitioner's failure to exhaust state remedies for his claim about trial counsel. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). The Court need not consider whether Petitioner was prejudiced by his trial attorney's performance because Petitioner has not shown "cause" to excuse his procedural default of failing to raise the claim about trial counsel at all levels of state court review. *Carrier*, 477 U.S. at 494 and 496.

## 2. Miscarriage of Justice

A federal habeas petitioner may obtain review of defaulted claims in the absence of a showing of "cause and prejudice" by demonstrating that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The exception for miscarriages of justice requires demonstrating that a constitutional violation

---

[1] Petitioner did argue on state collateral appeal that his innocence of second-degree murder and his previous attorney's failure to move to withdraw the plea constituted "good cause" under Michigan Court Rule 6.508(D)(3) for failing to raise his first and second claims on direct appeal. He did not present an independent claim arguing that his previous appellate attorney was constitutionally ineffective for failing to prefect the appeal and for failing to assert meritorious issues, such as a claim of ineffective assistance of trial counsel.

probably resulted in the conviction of a person who is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Carrier*, 477 U.S. 496. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has not supported his pending claims with any new evidence of actual innocence. Therefore, a miscarriage of justice will not occur as a result of the Court's failure to adjudicate the merits of Petitioner's fourth and fifth claims. Those claims are procedurally defaulted and barred from substantive review.

### IV. Conclusion

Petitioner's first three claims lack merit because the state appellate court's conclusion that the claims lacked merit was not contrary to, or an unreasonable application of, Supreme Court precedent. Petitioner's final two claims are procedurally defaulted. Accordingly, the habeas petition is DENIED.

s/John Corbett O'Meara  
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 5, 2007, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager