UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON KYNARD GOHAGEN,

        Petitioner,

v.                                  CASE NO. 05-CV-70067-DT
                                  HON. JOHN CORBETT O'MEARA

RAYMOND BOOKER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR A CERTIFICATE
OF APPEALABILITY AND FOR APPOINTMENT OF COUNSEL
AND GRANTING PETITIONER'S MOTION FOR LEAVE
TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Brandon Kynard Gohagen has appealed the Court's denial of his habeas corpus petition, which challenged Petitioner's state convictions for second-degree murder and first-degree criminal sexual conduct. Currently pending before the Court are Petitioner's motions for a certificate of appealability (COA), for leave to proceed *in forma pauperis* on appeal, and for appointment of counsel on appeal.

**I. Standard of Review**

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must

> demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II. Discussion

### A. The Factual Basis for the Plea

The first habeas claim alleged that Petitioner's plea of guilty to second-degree murder was unconstitutional because Petitioner did not cause the victim's death. The Court concluded on review of this claim that Petitioner's guilty plea was counseled and voluntary. Therefore, his "plea of guilty and the ensuing conviction comprehend[ed] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989).

### B. The Sentence

The second habeas claim alleged that Petitioner's sentence was based on materially false information that Petitioner committed second-degree murder. Although a sentence violates due process if it is based on "extensively and materially false" information, *Townsend v. Burke*, 334 U.S. 736, 741 (1948), Petitioner admitted that he participated in an incident, which led to the victim's death. The Court, therefore, found no merit in Petitioner's second claim.

### C. "Good Cause and Prejudice" under Rule 6.508(D)

Petitioner's third habeas claim alleged that his claim of innocence and his attorney's failure to file a timely motion to withdraw the plea satisfied the "good cause and prejudice"

requirement of Michigan Court Rule 6.508(D). The Court declined to grant relief on this claim because it did not state an independent ground for relief.

### D. Ineffective Assistance of Counsel

Petitioner's fourth and fifth habeas claims alleged ineffective assistance of trial and appellate counsel. Petitioner stated that his trial attorney: (1) misled him by erroneously scoring the sentencing guidelines; (2) failed to negotiate a favorable plea agreement based on actual innocence of the murder charge; (3) failed to argue actual innocence at the plea or object to the trial court's acceptance of the guilty plea; and (4) argued the actual innocence issue at sentencing in a futile attempt to gain leniency from the court. Petitioner alleged that his appellate attorney failed to prefect a direct appeal or move to withdraw the plea and failed to identify meritorious issues, including a claim of ineffective assistance of trial counsel.

The Court determined that these claims were barred from substantive review by Petitioner's procedural default of failing to raise the claims at all levels of state court review while he still had an opportunity to do so. Petitioner urges the Court to grant a certificate of appealability on his ineffectiveness claims because, in his opinion, reasonable jurists could debate whether he is actually innocent of second-degree murder.

To prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *House v. Bell*, __ U.S. __, __, 126 S. Ct. 2064, 2077 (2006).

Petitioner has not submitted any new evidence demonstrating a substantial likelihood that

he is actually innocent of second-degree murder. Consequently, the Court declines to issue a certificate of appealability on his ineffective-assistance-of-counsel claims.

### III. Conclusion

Reasonable jurists would not find the Court's assessment of Petitioner's first three claims debatable or wrong. As for Petitioner's fourth and fifth claims, reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling. Accordingly, Petitioner's motions for a certificate of appealability and for appointment of counsel are DENIED. His motion for leave to proceed *in forma pauperis* on appeal nevertheless is GRANTED.

          s/John Corbett O'Meara
          United States District Judge

Dated: March 7, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 7, 2007, by electronic or ordinary mail.

          s/William Barkholz
          Case Manager